## (September 23, 1966)

■ NEW YORK BUSINESS DEVELOPMENT CORPORATION, Respondent, v. GILBERT'S HOTEL, INC., et al., Defendants, and A. GORDON & SONS, INC., et al., Appellants.— STALEY, JR., J. Appeal from an order of the Supreme Court entered on July 26, 1966, which denied the motion of the defendants, A. Gordon & Sons, Inc., and Gordon Construction Corp. to compel the plaintiff to accept the answer to the complaint. The summons and complaint in this foreclosure action were served upon the defendants, A. Gordon & Sons, Inc., and Gordon Construction Corp. on November 17, 1965. On November 23, 1965, the United States District Court (S. D. N. Y.), in a proceeding in bankruptcy initiated by said defendants, made an order appointing a receiver in bankruptcy for the defendant, Gilbert's Hotel, Inc. This order by the United States District Court contained a stay restraining all persons having process against the alleged bankrupt from taking any action with respect to the bankrupt or

its property. On June 7, 1966, an order was signed lifting the stay to allow plaintiff to continue with its foreclosure action. On June 10, 1966, the defendants served their answer on the plaintiff denying the allegations of the complaint, and alleging an affirmative defense that they were fraudulently induced to subordinate their prior mortgage to the mortgage held by plaintiff. This answer was rejected by plaintiff as being untimely, and a motion was made to compel its acceptance. The defendants contend that their answer was timely served asserting that the Federal court stay prevented the service of an answer until it was lifted. The fallacy of this contention lies in the fact that by no process of the imagination would this proposed answer, which incidentally contains no cross complaint against Gilbert's Hotels, Inc., be considered as process against the alleged bankrupt, or be interpreted as a "proceeding for the purpose of impounding or taking possession of or interference with, any property owned by or in the possession of" the alleged bankrupt. Special Term, having correctly concluded that the stay did not apply to the defendants, properly considered the motion as a motion to open a default. To open a default, a defendant must show an adequate excuse, the absence of willfulness, as well as a full and complete disclosure of meritorious defense. (*Benadon* v. *Antonio*, 10 A D 2d 40; *Levine* v. *Fal-Bar Argentinian Corner Rest.*, 18 A D 2d 611; *Carpenter* v. *Weatherwax*, 277 App. Div. 264.) The circumstances here may well present an adequate excuse coupled with a lack of willfulness. The answer, however, is insufficient upon its face, and the defendants' affidavits fall short of disclosing a full and complete meritorious defense. Accordingly, the order appealed from should be modified, in the exercise of discretion, to grant leave to the defendants to renew their motion upon submitting, within 20 days after entry of the order herein, a sufficient answer and an adequate showing of merits. Order, as so modified, affirmed, without costs. Settle order. Motion for stay granted, without costs, and without prejudice to an application to vacate in the event that a new application to open the default shall not be made within the time limited in the order to be entered hereon. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.